Slip Op 15-121

## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| ICDAS CELIK ENERJI TERSANE VE ULASIM SANAYI, A.S., | |
| Plaintiff, | |
| v. | Before: Leo M. Gordon, Judge |
| UNITED STATES, | Court No. 14-00267 |
| Defendant. | |

### MEMORANDUM and ORDER

[Defendant-Intervenor's motion for certification denied.]

Dated: October 30, 2015

Matthew M. Nolan, Diana D. Quaia, and Nancy A. Noonan, Arent Fox LLP of Washington, DC for Plaintiff Icdas Celik Enerji Tersane ve Ulasim Sanayi, A.S.

Richard P. Schroeder, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice of Washington, DC, for Defendant, United States. With him on the briefs were Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director. Of counsel on the briefs were Scott McBride, Senior Attorney, U.S. Department of Commerce, Office of the Chief Counsel for Trade Enforcement and Compliance of Washington, DC.

Alan H. Price, John R. Shane, and Maureen E. Thorson, Wiley Rein LLP of Washington, DC for Defendant-Intervenors Rebar Trade Action Coalition, Nucor Corporation, Gerdau Ameristeel U.S. Inc., Commercial Metals Company, and Byer Steel Corporation.

Gordon, Judge: Before the Court is Defendant-Intervenor Rebar Trade Action Coalition's ("RTAC") motion for certification. See RTAC's Mot. for Order Certifying Questions for Interlocutory Appeal 1 (Sept. 29, 2015), ECF No. 41 ("RTAC's Mot."). Defendant opposes RTAC's motion. See Def.'s Resp. to Def.-Intervenors' Mot. for an

Order Certifying Questions for Interlocutory Appeal (Oct. 22, 2015), ECF No. 45 ("Def.'s

Resp."). Plaintiff takes no position on the motion.

RTAC seeks certification of questions arising from the court's recent opinion and

order granting Plaintiff's motion to amend the caption of its complaint and denying

Defendant's and RTAC's cross-motions to dismiss for lack of subject matter jurisdiction.

RTAC's Mot. at 1-5; see Icdas Celik Energji Tersane ve Ulasim Sanayi, A.S. v. United

States, 39 CIT ___, Slip Op. 15-109, at 4-16 (Sep. 24, 2015). Under 28 U.S.C. § 1292(d),

the court may certify questions for interlocutory appeal when there exists "a controlling

question of law is involved with respect to which there is a substantial ground for

difference of opinion" such that "an immediate appeal from that order may materially

advance the ultimate termination of the litigation." 28 U.S.C. § 1292(d)(1) (2012). RTAC

and Defendant agree that the court's opinion in Icdas presents a controlling question of

law to which there is a substantial ground for disagreement. RTAC's Mot. at 1, 4-5; Def.'s

Resp. at 1-3. RTAC and the Government dispute whether interlocutory appeal may

materially advance the ultimate termination of this action.

RTAC argues that a favorable decision on appeal would relieve the court and the

parties of the need to litigate the merits of Icdas' action. RTAC's Mot. at 5. The court does

not agree. "Denial of a motion to dismiss a complaint is not sufficient, in itself, to warrant

certification of an interlocutory appeal." Nat'l Corn Growers Ass'n v. Baker, 9 CIT 571,

583, 623 F. Supp. 1262, 1273 (1985) rev'd on other grounds, 840 F.2d 1547 (Fed. Cir.

1988). And as Defendant correctly points out, litigating an interlocutory appeal may well

delay the ultimate disposition of this action. Def.'s Resp. at 4-5. Certifying RTAC's

Court No. 14-00267                                                                    Page 3

questions for interlocutory appeal creates the potential for multiple rounds of briefing and

argument at the U.S. Court of Appeals for the Federal Circuit. Even if the Court of Appeals

accepts the interlocutory appeal and reverses this Court's decision, "many months, and

perhaps more than a year . . . would pass" before the ultimate termination of the litigation.

Id. The court can envision a scenario where resolution on the substance of Plaintiff's

complaint actually precedes the appellate decision on jurisdiction. The court is also

concerned that granting RTAC's motion would result in piecemeal litigation because the

interlocutory appeal would place Icdas' action on a different track than RTAC's companion

action challenging the same administrative determination. Given these considerations,

the court concludes that granting RTAC's motion for certification for an interlocutory

appeal will not materially advance the ultimate termination of this litigation.

Accordingly, it is hereby

**ORDERED** that Defendant-Intervenor's motion for certification is denied.


                                                          _____/s/ Leo M. Gordon_____
                                                              Judge Leo M. Gordon



Dated:    October 30, 2015
          New York, New York